## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PETER GIORDANO. PLAINTIFF IN ERROR.

Submitted May 29, 1931—Decided October 19, 1931.

For the plaintiff in error, *H. Byron Lore.*

For the defendant in error, *William A. W. Grier.*

The opinion of the court was delivered by

DONGES, J.  This is a writ of error directed to the Salem County Court of Oyer and Terminer bringing up the conviction of murder in the first degree of Peter Giordano. There was no recommendation of life imprisonment and defendant is sentenced to death.  The homicide is the crime for participation in which Charles Fithian (plaintiff in error in case No. 131 of the present term) was convicted of murder in the first degree.

The version of the crime given in this case does not materially differ from that given in Fithian's case except that Giordano did not admit on the stand that it was the gun in his hand that was discharged.  He did admit this in a statement given to the authorities after his arrest.  There is a variance in the stories of the events leading up to the crime but it does not appear necessary to discuss them at length here since there is a single question argued on this appeal.

It is argued that it was error to admit in evidence the confession made by the defendant after his arrest in Philadelphia, because said confession was made under threats of

bodily injury. The language used by the plaintiff in error in describing the threats alleged to have been made is as follows:

"*Q.* Who asked you? *A.* Two or three of them in there; Kidd, this fellow who was just on the stand; Detectives Brown and Callahan, and a couple of uniform policemen. I told them where I was; they asked me, 'How did you get home?' I told them, and they told me they didn't believe me. They said, 'If you don't say the truth, I will kick you in the mouth.'"

In the first place, it will be noted that this alleged threat was made in connection with a statement made concerning his movements in Philadelphia after the crime and did not have to do with his story of the crime itself or with his refusal to speak about the crime. There was no evidence of any threats or other influence to secure a statement.

The witnesses Dube and Kidd were present when the statement was made. They both denied the threat mentioned by defendant and further said that the confession was made voluntarily and without either promises or threats of any kind. The court was justified in permitting the statement to be received in evidence.

Furthermore, except as to it being his gun that went off, there was practically no variance between the confession and the oral testimony of the defendant. Taking his own story of the crime in its most favorable light, he was guilty of first degree murder and could not, therefore, be prejudiced by the admission of the statement.

The plaintiff in error argues that the court should have charged the jury that it should consider the circumstances under which the confession was testified to have been made, and give it such credence as they thought it entitled to in that light. This question does not appear to be covered by any specification of cause for reversal or assignment of error. No requests to charge were made and the court's attention was not directed to any omission from the charge. The court did say in his charge: "The court found that the confession of the defendant made at the police station in Phila-

delphia while this man was under arrest was what is termed in the law a voluntary confession, and as such has a right to be received and taken by the jury, if they believe it." As above stated there was no great variance between the statement and defendant's testimony at the trial, the only point of difference being as to who actually discharged the revolver. In view of the admitted participation of defendant in the holdup, the question of who fired the shot was immaterial in establishing the guilt of the defendant.

There being no harmful error, the judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.